[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2009
THOMAS K. KAHN
CLERK

No. 08-14547
Non-Argument Calendar
_____

Agency No. A98-593-017

SHAOQUN LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 22, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Shaoqun Liu, a native and citizen of China, seeks review of the Board of

Immigration Appeal's ("BIA's") decision, affirming the Immigration Judge's ("IJ's") order finding him removable and denying his applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention on Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). In his asylum application and hearing testimony, Liu stated that because of his membership in an underground Christian church in China, the police arrested and detained him for 24 hours. During the detention the police beat him, causing bruises all over his body, ordered him not to return to his church, and instructed him to report weekly to the police station.

In its oral decision denying relief, the IJ stated that "[f]or all practical purposes," Liu's testimony was consistent with his application. In its analysis, it stated that the first issue to be determined was Liu's credibility, which could be determined by examining his corroborating documents. It noted a lack of documentation of medical treatment after his alleged beating, and a lack of documentation from a church in the United States corroborating that he was a practicing Christian attending church here. The IJ further found that Liu "failed to present the type of detailed and specific testimony that one would expect to find" from a person participating in religious activities, because his testimony about Christianity was generalized and did not exhibit "even mediocre" knowledge of

2

Christianity. The IJ also found it "somewhat odd" that Liu did not know whether anybody else from his church was arrested when he was. Finally, the IJ stated that Liu did not adequately explain why he belonged to this particular underground church rather than a registered church.

However, the IJ concluded that "even if credible, [Liu] failed . . . to show that he ha[d] been the victim of past persecution or that he ha[d] an objectively well-founded fear of persecution in the future." It then noted that Liu's detention was short, lasting only 24 hours, and although he claimed that he was beaten, he failed to submit corroborating documentation of his injuries, and there did not appear to be any lasting injuries. It stated that "despite its questions as to [Liu's] overall credibility, . . . even if these questions are overlooked and [Liu] is found credible," he failed to demonstrate asylum eligibility. Finally, it stated that Liu's testimony and evidence were "extremely vague" and "a more vague case on the grounds of religious persecution would be hard to come by."

The BIA affirmed the IJ's decision, and, after Liu filed a petition for review, the government filed an unopposed motion with us to remand to the BIA to address the REAL ID Act's standards on corroboration and credibility. The motion stated that the BIA would be able "to address the corroboration standard in instances, as here, where evidence is insufficient even if credible, and where any presumption of credibility may . . . be rebutted on appeal when there are doubts as to an alien's

3

credibility." We granted the motion, stating only that the motion was granted, the decision was vacated in its entirety, and the matter was remanded in full to the BIA. On remand, the BIA recited the REAL ID Act's standards, and implicitly adopted the IJ's reasoning in denying relief.

On petition for review, Liu first asserts that the case should again be remanded because the BIA failed to follow our instructions on remand. He contends that we remanded the case for the BIA to address two "issues"—"the corroboration standard" and "where any presumption of credibility may be rebutted on appeal"—but the BIA simply restated the REAL ID Act provisions without applying them. He argues that the BIA failed to determine whether his presumption of credibility was rebutted, and he has a presumption of credibility on appeal. Next, Liu argues that he established eligibility for asylum by demonstrating past persecution and a well-founded fear of future persecution. Specifically, he asserts that the "cumulative effects" of the "incidents of persecution" that he suffered constituted persecution, and the IJ's finding that he did not suffer lasting injuries is not a basis for denying relief. Finally, he contests the IJ's discussions regarding: (1) the lack of medical records; (2) the sincerity of his religious beliefs; and (3) his failure to contact other church members.[1]

_____

[1] We lack jurisdiction to consider Liu's due process claims that he was not given notice of the IJ's demands for corroboration or permitted to explain the lack of corroboration because, by not making those specific arguments to the BIA, he did not exhaust his

4

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, while the BIA added a recitation of the REAL ID Act provisions, it added no analysis and essentially adopted the IJ's reasoning. Accordingly, we review the IJ's reasoning as well.

The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We "lack jurisdiction to consider claims raised in a petition for review unless the

administrative remedies. See Amaya-Artunduaga, 463 F.3d at 1250. The due process arguments that he raised before the BIA were evidentiary in that they were related to an alleged lack of notice of his right to present evidence, testify, and cross-examine witnesses, but they did not mention corroboration or include the specific assertions that he was not told what corroborating documents were needed and was prevented from explaining their absence.

Liu's appellate brief does not discuss his eligibility for CAT relief; therefore, he has abandoned the CAT issue on appeal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Liu has also abandoned the issue of withholding of removal because, while he cites cases involving withholding-of-removal claims, he cites them as support for his asylum arguments and does not discuss the withholding-of-removal standard.

petitioner has exhausted his administrative remedies with respect thereto."

Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

The Attorney General or the Secretary of Homeland Security has discretion

to grant asylum if an alien meets the INA's definition of a "refugee." See INA

§ 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . .
> and who is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,
> religion, nationality, membership in a particular social group, or
> political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the

burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. In order

to establish that he is a refugee, he "must establish that race, religion, nationality,

membership in a particular social group, or political opinion was or will be at least

one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i).

We have explained that "[n]ot all exceptional treatment is persecution."

Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). We have described

persecution as an "extreme concept, requiring more than few isolated incidents of

verbal harassment or intimidation, and . . . harassment does not amount to

persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005).

In Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008), we held that

6

threats, viewed in conjunction with a brief detention and "minor beating," did not compel the conclusion that a petitioner suffered persecution.  Likewise, in Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91  (11th Cir. 2006), we held that a five-day detention, during which the petitioner was forced to watch reeducation videos, stand in the sun for two hours, and sign a pledge to no longer practice Falun Gong, but during which he was not "hurt," did not compel the conclusion that he suffered past persecution.

We recently have held, however, that oppressive acts can collectively or cumulatively amount to persecution.  See De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1008 (11th Cir. 2008) (holding that record compelled a finding of persecution where petitioner's life was repeatedly threatened over the course of two years, petitioner was yanked by her hair out of her vehicle, injuring her, and threatened with death if she continued her political activities, her family groundskeeper was tortured and killed for not revealing her whereabouts, and petitioner was beaten, kidnapped, and warned of her imminent murder); Delgado v. U.S. Att'y Gen., 487 F.3d 855, 859, 861-62 (11th Cir. 2007) (holding that although individually the following incidents would not compel the conclusion that petitioners suffered past persecution, the "cumulative effects" of: (1) masked men pointing unloaded weapons at them and pulling the triggers; (2) the attack and severe beating of one of the petitioners; (3) continued threatening calls; and (4) the

7

tampering with and vandalizing of one of their cars, compelled a finding of eligibility for withholding of removal).

Regarding Liu's argument that the BIA failed to follow our remand order, while we granted the government's unopposed motion to remand to permit the BIA to discuss the REAL ID Act standards, we did not instruct the BIA to make any specific findings. Regardless, the IJ and BIA presumed credibility in finding that Liu failed to meet his burden in establishing past persecution or a well-founded fear of future persecution.

The record does not compel reversal of the BIA's ultimate findings that, even if credible, Liu failed to demonstrate past persecution or a well-founded fear of future persecution based on his religion, where he was detained only once for 24 hours, during which he was beaten once (with little description or evidence of severity and with no corroboration), threatened not to return to his church, and ordered to report weekly to the police station. Accordingly, we deny the petition for review.

**PETITION DENIED.**[2]

---

[2] Liu's request for oral argument is denied.